RECEIVED
IN LAKE CHARLES, LA
APR 18 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GERALD ADAMS & MARY ADAMS** | : | **DOCKET NO. 06-CV-1613** |
| VS. | : | JUDGE MINALDI |
| **CITY OF LAKE CHARLES, THROUGH MAYOR RANDY ROACH; DON DIXON, CHIEF OF POLICE, CITY OF LAKE CHARLES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS OF THE CITY OF LAKE CHARLES** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a Motion in Limine, filed by the defendants (hereinafter collectively "the defendants") [doc. 26]. The plaintiffs, Gerald and Mary Adams (hereinafter "the plaintiffs"), filed an Opposition [doc. 31]. A jury trial is set for April 21, 2008. The defendants seek to exclude four items from evidence: 1.) Gerald Adams' polygraph examination and results; 2.) testimony on Gerald Adams' role in Hurricane Katrina; 3.) newspaper articles involving prior incidents between the Lake Charles Police Department (hereinafter "the LCPD") and the Calcasieu Parish Sheriff's Office (hereinafter "the CPSO") and parties not involved in this lawsuit; and 4.) citizen complaints against Officer Harrell made by persons not involved in this lawsuit.

### I.) POLYGRAPH EXAMINATION & RESULTS

Gerald Adams indicated on his Exhibit List that he would introduce his voluntary

1

polygraph examination and results into evidence. Adams was questioned about the events surrounding his arrest by the LCPD. The defendants object to the introduction of Adams' polygraph results because any statement Adams makes will be self-serving. Moreover, the defendants argue that federal law prohibits the introduction of polygraph examinations into evidence because they are per se unreliable. *See Bennett v. City of Grand Prarie, Texas*, 883 F.2d 400 (5th Cir. 1989). The plaintiffs argue that Gerald Adams' polygraph should not be excluded because the former per se exclusionary rule on polygraphs is no longer tenable. Moreover, the plaintiffs argue that when polygraph evidence supports the credibility of a witness whose versions of events is contested at trial, it is always relevant.

The defendants cite outdated legal principles and case law. As the plaintiffs correctly note, the Fifth Circuit no longer follows a per se exclusionary rule on polygraphs. *See Ulmer v. State Farm Fire & Casualty Co.*, 897 F. Supp. 299, 301 (W.D. La. 1995). *Ulmer* articulated a three-step process for trial courts to assess whether polygraph evidence is admissible. *Id.* at 301-02. First, the trial court must determine under FED. R. EV. 104(a) whether the polygraph examination is scientifically and technically valid under *Daubert*. *Id.* at 301. This Court does not have any information regarding the polygraph's administration.

Second, the trial court must perform a FED. R. EV. 401 relevance inquiry. *Id.* at 301-02 (noting that "valid polygraph evidence will always be relevant if it tends to support or undermine the credibility of a witness whose versions of events is contested at trial"). Thus, if the polygraph examination satisfies FED. R. EV. 104(a), then it is also relevant because Gerald Adams' version of the events will be contested at trial.

Third, the trial court must determine whether the polygraph will have an unusually

2

prejudicial effect that is not justified by its probative value under Rule 403. *Id.* at 302. This third step involves three distinct inquiries: 1.) the circumstances surrounding the polygraph; 2.) the occasion and forum in which the polygraph was sought to be admitted; and 3.) whether the evidence "helps clarify which one of several competing versions of a contested event or fact is true." *Id.* at 302. The Court has no information on the polygraph's administration.

Here, the plaintiffs would use the polygraph in a jury trial, which weighs in favor of exclusion. *See id.* at 303 (noting that if this factor were dispositive, polygraph evidence would rarely be admissible). Even if the evidence helps clarify which one of several competing versions of an event is true, simply functioning as a "tie-breaker" may not justify admitting the evidence absent additional factors that boost the probative value. *United States v. Posado*, 57 F.3d 428, 435 (5th Cir. 1995). Because the defendants cited outdated legal principles and have failed to provide the Court with enough information to perform a *Ulmer* analysis on admissibility, the defendants' Motion in Limine to Exclude Gerald Adams' polygraph results is denied at this time. This, however, is not meant to indicate that it is deemed admissible.

## II.) TESTIMONIALS INVOLVING HURRICANE KATRINA

The defendants also seek to exclude any attempts by Gerald Adams to introduce evidence on his efforts in the aftermath of Hurricane Katrina. The defendants argue that this evidence is inadmissible because it is apparently designed to corroborate Gerald Adams' motives at the time of the events in this lawsuit, and is irrelevant under FED. R. EV. 401. The defendants argue that whether Adams was an opportunist or a humanitarian is irrelevant to whether he refused to obey officer commands to leave the premises and disengage from verbal confrontation. Moreover, even if the evidence is relevant, the defendants argue that the testimonials fail a Rule 403

3

balancing test because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The plaintiffs argue that Gerald Adams' prior efforts with Hurricane Katrina are relevant and thus admissible because the defendants will otherwise attempt to paint Adams as a "price-gouging opportunist." Moreover, Adams argues that the evidence should not be excluded under Rule 403 because the probative value of Adams' past efforts are not substantially outweighed by problems in admitting such evidence.

Under FED. R. EV. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." At the heart of this lawsuit is whether a § 1983 violation occurred, which requires answers to the following questions: whether the LCPD officers had probable cause to arrest Gerald Adams, whether the force the officers used was reasonable, the nature and extent of the officers' training, the custom and policy of the police department, whether Gerald Adams' actions constituted comparative fault, and a calculation of damages, if warranted. Any involvement Gerald Adams had with Hurricane Katrina relief efforts is simply not relevant, and is thus inadmissible at trial.

### III.) NEWSPAPER ARTICLES

The defendants also seek to exclude newspaper articles that the plaintiffs would introduce. One article discusses three minority councilmen's request for an investigation of Trent Buckins' death following a confrontation with police officers on October 12, 2006. The defendants argue that this is inadmissible because it involved a different party and is thus irrelevant. The other is an article dated October 21, 2005 that claims three men were wrongfully

4

arrested for looting after Hurricane Rita and subject to excessive force by the CPSO. The defendants argue that this is not relevant because it was an entirely different incident and did not involve the LCPD.

The plaintiffs argue that both articles are admissible. Here, the plaintiffs would use the first article to prove that LCPD officers engaged in a confrontation that resulted in an individual's death. The plaintiffs would proffer the second article to demonstrate that the actions of the CPSO contributed to the overall scheme of emergency response tactics utilized by officers in the region.

The newspaper articles are inadmissible for an entirely different reason: they are "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Newspaper articles are inadmissible hearsay when they are "used to prove the truth of the statements reported therein." *Anderson v. Dallas County, Texas*, 2007 WL 1148994, *5 (N.D. Tex. April 18, 2007). Unless some hearsay exception applies, newspaper articles are inadmissible. Because the plaintiffs would introduce the articles to prove the truth of the statements reported therein, and the plaintiffs have not established that a hearsay exception applies, the articles are inadmissible.

### IV.) CITIZEN COMPLAINTS AGAINST DEFENDANT OFFICER HARRELL

The defendants argue that a previous citizen complaint against Officer Harrell, which resulted in disciplinary action, is inadmissible because it is irrelevant and would impermissibly use a past wrong to attempt to demonstrate Officer Harrell's bad character. The incident involved a confrontation with a minor in the police station that resulted in a thirty-day suspension years ago. The defendants argue that because courts severely limit the discovery of an officer's

past record, as it is not reasonably calculated to lead to admissible evidence, any citizen complaint is likely undiscoverable. Moreover, the defendants argue that citizen complaints are excluded under FED. R. EV. 404(B) because they would only be used to show the character of Officer Harrell and the conformity therewith.

The plaintiffs argue that prior citizen complaints are admissible. The plaintiffs acknowledge the contrary result in *Lenard v. Argento*, 699 F.2d 874 (7th Cir. 1983), where evidence of police officers' suspension for bribery charges was excluded as irrelevant in a police brutality case, but argue that this case is distinguishable because both incidents involve civil rights violations.

In *Loza v. Lynch*, the court allowed evidence of a citizen complaint where the City was alleged to have a policy or custom of allowing a known dangerous individual to continue to work for the City. 625 F. Supp. 850, 854 (D. Conn. 1986). The court found that evidence of this individual's continued employment, despite citizens' complaints, was evidence *vel non* of a policy or custom under Rule 401. *Id.* It is unclear whether the prior citizen complaint was also related to civil rights violations. If so, the citizen complaint is admissible to prove the LCPD has a policy or custom of deliberate indifference. If not, the citizen complaint is inadmissible as irrelevant. Because the defendants have not demonstrated that the citizen complaints are inadmissible, the defendants' Motion in Limine to exclude citizen complaints is deferred to trial; accordingly,

IT IS ORDERED that the defendants' Motion in Limine to Exclude Gerald Adams' polygraph results and citizen complaints made against police officers is hereby DENIED at this time;

IT IS FURTHER ORDERED that the defendants' Motion in Limine to Exclude newspaper articles and testimonial evidence pertaining to Hurricane Katrina is hereby GRANTED.

Lake Charles, Louisiana, this __18__ day of __April__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE